# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TYREIK DAYSHON JACKSON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00164 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **OFC. REEDY, ET AL.,** ) | Judge James P. Jones |
| ) | |
| ) | |
| Defendants. ) | |

*Tyreik Dayshon Jackson, Pro Se Plaintiff.*

The plaintiff, Tyreik Dayshon Jackson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a jail official sexually harassed him. After review of the Complaint, I conclude that the action must be summarily dismissed.

Jackson states that he is confined at the Northwestern Regional Adult Detention Center (NRADC) in Winchester, Virginia. He alleges that on March 2, 2023, Officer Reedy "sat at my cell windows and watched me urinate! Then when I was done pissing he said 'You look really good in boxers.'" Compl. 2, ECF No. 1. When Jackson called Reedy a faggot "for watching [him] piss, [Reedy] went & got OFC. McDonald who is also gay." *Id.* Jackson states, "I would like to press

PREA [Prison Rape Elimination Act] charges" against Reedy and McDonald. *Id.* at 3.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Jackson's sole claim in this case is that the defendant officers sexually harassed him in a manner that somehow violated PREA. 34 U.S.C. §§ 30301–30309. It is well established, however, that "[n]othing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." *De'Lonta v. Clarke*, No. 7:11-CV-00483, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) (collecting cases), *aff'd*, 548 F. App'x 938 (4th Cir. 2013) (per curiam) (unpublished). Therefore, Jackson's allegations fail to state an actionable federal claim for relief based on this statute. For the stated reasons, I will dismiss this action pursuant to § 1997e(c), for failure to state a claim upon which relief could be granted.

-3-

A separate Final Order will be entered herewith.

        DATED:   June 26, 2023

        /s/  JAMES P. JONES
        Senior United States District Judge